Final case for argument is 14-1749, Ervana v. Ernie Ball. Ernie Ball v. Ernie Ball, Inc. Before you get into the argument, can you give us the status report on the situation with respect to your client's tax liability and so forth? Yes, ma'am. My client's tax liability has been addressed. I have documents that I can offer for the court or submit in whatever form they wish to showing that all back taxes have been paid to the date that they were owed and that the status of the corporation has been restored. Okay. Thank you. I'm here today because on January 24, 2013, Judge Lurie, Judges Newman and Judge O'Malley filed an opinion and entered judgment against Ernie Ball that U.S. Letters Patent 6433264, the 264 patent or the GIMPO patent, was invalid for indefiniteness as to claims 1-4, 6-10, and 21-23. So are you claiming in the instant case that they are trying to threaten you with respect to claims other than the claims you just listed? Your Honor, the case that I just discussed has never been addressed in California where I live in that the defendants and the appellees continue to do everything that they did before the case was decided. They have basically maintained the status quo. They haven't acknowledged the order. They never filed a PTO form in the file of the GIMPO patent showing that the order had been decided. And because of their considerable commercial stature, they continue to use the fact that there were claims that were not adjudicated in that case against my client. But is your client being threatened? My client is being threatened. My client's vendors, my client's clients, my client's customers still are under fear that Ernie Ball and its partners are going to sue them. Why? They may be in fear. I guess I can't dispute that. On what basis? I mean, obviously there was an injunction in place for a couple of years, right? So during that time period, we'll take that off the table. Right. There was an injunction in place. So what post, our decision here, what have they sent threatening? Letters? Phone calls? What's been going on? Your Honor, they have not changed their conduct since this order issued. I don't know what that means. Because Mr. Wells has been so helpful in his request for judicial notice, all of these facts are of record. So if we want to depart from the argument, I'm happy to just go right through his request because all the findings of fact from the prior case are now entered in this case. This is a classic case. Maybe I'm not being clear. Since this case, what tangibly can you point to in terms of their having asserted or threatened or whatever your client or his suppliers and customers with respect to the claims? Each of the people and entities mentioned continue to refuse to do business with my client because they are afraid. Okay, so we're back to where we were a couple of minutes ago. I can't dispute whether or not they're afraid or not. The question is what is the basis for their fear? Has Ernie Ball communicated with them? Has he threatened them? This is, again, since this 2013 opinion. We don't have access to everything that Ernie Ball has done. If you notice from the original proceeding, they denied that they ever sent cease and desist letters, period, and used a request for judicial notice to show that those documents weren't put in the record. I didn't litigate the case. I can stand here today and tell you that every one of the customers and suppliers that they threatened is under the misimpression that because some of the claims— We've been thrown out of court in California. We don't have any discovery. We'd like discovery. All we ask for is a day in court. The first issue is whether the patent that you so clearly said was indefinite is still in force, and they are acting in the marketplace as if it is. The only forward-looking allegation in the complaint, and we're here on a motion on a Ernie Ball maintains, that's a present tense expression, that some of its claims under its 264 patent—it says 294, but it means 264—are valid and continues to sell and license the sale and manufacture of compensated nuts based upon its 264 patent. I don't think there's anything else in the complaint about post-January 2013 actions, and when you moved to amend or for permission to amend, you didn't provide further details. Is that right? To me, the question is, is this enough? There were not any details that were provided. The marketplace remains the same as when the order that Judge Lurie participated in was granted. Ernie Ball and Hohner and whoever else is involved in this set of actions has prevented my client from doing business. We don't have discovery upon that. The declaratory judgment that they requested, that the rest of the claims are invalid, is something that, based upon the reasoning which this court articulated, we have a right to have declared. I don't understand. You're saying here, you're telling us that Ernie Ball has prevented your client from doing stuff. Presumably your client is in the best position, if he's the one that's been prevented from doing something, to come forward with specific allegations of why he's been prevented from doing that. Mr. Wells provided all that on his request for judicial notice, where he has 30, 40 pages from the internet, where people tell the world that the Urvana invention was not the invention, that the invention was created by Ernie Ball. Your order clearly says that Ernie Ball didn't invent anything because the claims were invalid. Mr. Wells, please do not personalize it. The court issued a decision. It was the court. I apologize. So what is this material that you're referring to? And what are the range of dates in particular, post-January 2013 or not, as to events referred to in these materials? I'm sure Mr. Wells can better explain what he put in the request for judicial notice, but he has a series of strings. I should know. You're assuming that I know what you mean by a request for judicial notice from Ernie Ball, filed in what court? In this court, in this case. Judicial notice for what? For internet communications. They didn't identify themselves very well. I can show you the document. And we haven't grabbed it. This court hasn't acted on that request yet, right? Okay. The point is, the status quo has been maintained since this decision came down in validating Ernie Ball's patent. They still tell people that Ernie Ball's patent is valid. They still tell people if they deal with Urvana, they will be sued. That doesn't indicate a case of controversy between Ernie Ball and you, and your client, that is. What they say publicly are not acts which constitute a case of controversy with your client. Respectfully, Your Honor, they sued our client before on a patent that they knew was invalid. That was part of what I was wishing to address. Because when this patent was issued, it was done knowing it couldn't cover any subject matter. That was clarified by the Court of Appeals for the Federal Circuit's opinion that I was trying to reference. And all that we want to do is have a declaratory judgment that the claims that were not reached by that decision have the same defect, which they do. Because then Ernie Ball and Hohner can't tell our… And the district court denied that, holding that there was no case of controversy. Correct. And I will admit, as Judge Toronto pointed out, the pleadings and the style that this stuff was presented in, that Mr. Wells and Mr. Iverson put together, had no acknowledgement or understanding of patent law and how it works. I was here to try to explain that the reasoning in invalidating those claims applies to the other claims. Mr. Wells writes one thing today and another thing tomorrow. The point is, my client was put in a business and people in the marketplace are afraid to use them because this corporate entity is intimidating them. They're intimidating them because on the books, this claim that you invalidated, this set of claims, has another paired set of claims with the same defects, and no one has even given the PTO notice that that claim was invalidated. So there's a form, a report on the termination or filing of an action that you have to file with the order when the order happens. I'm a patent lawyer. That's all that I do. When I look in the file of the 264 patent case, that was never entered. Yet, Ernie Ball and Hohner have filed seven or eight attempts to reexamine that patent, and in those companion cases, they've entered that form. So someone is trying to hide the fact that you decided that these claims are invalid. Yeah, but you recognize, do you not? I mean, I think you do, that that's not a sufficient basis, as Judge Lurie has said before us. You need more than that, right? So we're looking at the complaint. Judge Toronto pointed to paragraph 21. Where have you alleged the basis for DJ actions? Amendment is liberally granted, and we have not been given a chance to amend the complaint. That's not my question. My question is, so is that an acknowledgment that the concurrent complaint is insufficient? No. Okay. So what makes it sufficient? What makes it sufficient is it says in the complaint that Ernie Ball continues to intimidate our client, that our client has a reasonable apprehension of suit. They sued us on a patent that they knew was invalid. They pressed us into not being in business, so we couldn't pay taxes, so we couldn't pay our maintenance fee. And yet, we're not allowed to go back into court and say, because you sued us and put us out of business, because you continue to fill the Internet and all of your social media channels with viral marketing saying that you invented our invention, this court was very clear on deciding what the invention was and where it came from. Since that day, there's been no activity in the marketplace or in the court system to acknowledge that. Okay. We went to you, we've asked you a lot of questions. Why don't we hear from the other side? Thank you very much. May it please the court, Henry Wells representing Ernie Ball, Inc. and Hohner, Inc. Can you start off by getting to the question we raised before about what, I know there's a pending motion for notice of certain matters. What generally do those matters cover? It's a request for judicial notice of the suspended status of Urbana LLC, which prohibits it from doing any activity whatsoever, including filing litigation or appearing in an appeal, and it's a suspension by the Secretary of State of California. Okay, but leaving that aside, your friend repeatedly seemed to suggest that there's other material that you've asked for judicial notice on in terms of emails or things of that sort. Not before this court. My only pending motion is the request for judicial notice, and the statement that the has not been supported by anything. They need a certificate of reviver. They haven't presented that. I'm going to assume on that, do they belong, can we act, they will in fact submit these papers to us. We're not going to take it on faith. I think what I'm interested in is the statements that were made that you submitted material to this court that include materials about your internet representations, maybe Facebook was referenced as well, about the continuing validity of your patent, even an implicit assertion simply by waiving the patent, saying we have a patent on compensated nuts. Now, if that's true, and if it's also true that a small, the handful of their prior major customers have abandoned them, why isn't that enough to read the complaint to say you are in fact affecting their welfare in a way that, for example, would fall under case or controversy law, say under this court's Aris case. Yes, thank you, Your Honor. I've got no request for judicial notice before this court involving any emails or Facebook. I think what he's referring to is a request, or is this not a request for judicial notice on that? I don't know. Maybe there were some filings in the declaration in the motion to strike and dismiss. Right, maybe. He didn't say there was a request for judicial notice of those materials for any particular purpose. He said you submitted a bunch of materials to this court, and you said the court can take judicial notice of them. Never mind the purpose. Do you guys, in fact, according to those materials, have public internet representations about the 264 patent? No. Ernie Ball has made no representations about the 264 patent and is not pursuing it. There's no allegations in the complaint about that. Well, there is.  It's very far from precise. But it says in the present tent, Ernie Ball maintains that some of his claims under the 264 patent are valid and continues to sell and license compensated nuts based upon that patent. That sounds to me like you are using, invoking the patent when selling the product that a bunch of these customers were previously buying from them or supplying to them. That's not the case, Your Honor. There's no evidence of that in the record. You don't have evidence on a motion to dismiss. Correct. So it's an allegation. Right. Well, it's not really an allegation as I understand it in the complaint. It's basically saying that Ernie Ball is in the market and it's doing what it's doing. It doesn't have any impact on Urbano. What Urbano would need is some sort of... It says you are selling under your patent the product that they sell. Everybody agrees. There's these compensated nuts. They made them or have a patent on them. You make them. They used to have customers, those customers including, I guess, you have two clients here, right? Yeah. Why isn't this immediately understandable about what this is saying? I don't believe it creates a case or controversy between Ernie Ball and Urbano. It is enough under the Aris case and under the Supreme Court declaratory judgment case, MedImmune, which significantly relaxed our earlier threat jurisprudence in this area. If you are invoking a patent to take their customers away as to a product these guys make, that is an implicit assertion of indirect infringement and the Aris case says that's enough. Well, it's not happening. It's not being done. How do we know? This is an allegation. We don't get to say what's happening. We get to say only what's alleged. Understood, Your Honor. Urbano had to raise that in its opposition to the motion to dismiss and they did not say that this was happening. It's the first time it's been said. Well, let me look at paragraph 12 of the complaint. It says, beginning in 2010 and continuing thereafter, Ernie Ball has issued decent assist orders for those who used Urbano product. And it goes on to say it was claimed by Ernie Ball that Urbano products infringed the 264 patent. So those are allegations, right? Correct. That he was seeking to use the 264 patent. Well, Your Honor, I don't believe they're allegations that we're seeking to use the 264 patent. What that's referring to is the intentional interference with economic advantage and in their appellate brief. I'm sorry. In the cease and desist orders? Yes. You must have invoked something. Well, yes, Your Honor. The cease and desist orders took place in 2010. So paragraph 12 does not say today. It has this phrase, beginning in 2010 and continuing thereafter. But at a minimum, paragraph 21 is a present tense allegation. And what it is referring to is immediately understandable in light of the background of what was happening during a period that you perhaps were authorized to do it by the injunction. But it explains what you're still saying. Actually, I think it's distinct, Your Honor. And it's distinct in that Ernie Ball had every right to say that the 264 patent was valid in 2010. It had the judgment. Stipulate that it had that right. Right. And that's what we're talking about. That's what happened. There's no allegation that's continued after 2014. Paragraph 21 says, maintains, this was filed not in 2010. This was filed in what, early 2014 or something? I forget the exact dates, but it was, yeah, 2014. March of 2014. In March of 2014, you were maintaining. That's what paragraph 21 says. You didn't have a right to do that after this court's January 2013 order, or at least, right, at least they can say you didn't have a right because you didn't have an injunction at that point. I suppose the question is in what context it was maintaining. Was it being published to the market? No. Was it anybody threatened by it? No. They had... It couples this to continues to sell and license the sale of compensated not based on the patent. Correct. So Ernie Ball is selling and licensing to HONOR, which the license agreement took place prior to the court's decision. And that's continuing because the contract allows for it. And they're not out there trying to license it to other people. Can I ask you to switch to other patents at issue here? Yes. The HONOR patent. Why is there insufficient detail in the allegations of infringement? And in particular, if you can address how many different compensated nots are either you or you here being both of your clients here, HONOR and Ernie Ball. So is there any doubt about what the product is that's at issue? Yes, I believe there is, Your Honor. The Urbana 956 patent talks about an adjustable nut. And it doesn't mention compensated. I didn't ask about the 956 patent. I asked about the 364. The 364 patent. The 364 patent talks about a fixed sinusoidal nut member. It doesn't state compensated nut anywhere in the patent. It doesn't say tuning method anywhere in the patent. The Urbana, or sorry, the Ernie Ball product. Ernie Ball makes many different types of compensated nuts for four-string instruments, for six-string instruments. The HONOR instruments are ukuleles, which are very short scale versus very long scale, which means that the fretboard of the instrument and the length of the string is significantly different. Ernie Ball makes basses, which are very long. Does HONOR use more than one or more than a very small number of nuts? They use several. There are four. If the nut is a whole bar, it's not actually. Correct. The nut is the bar at the end of the neck or at the headstock, which has various indentation points. The contract with HONOR has at least four different compensated nuts and also has a compensated bridge, which works in conjunction with that, which is a subject of a separate patent, which is valid. The Ernie Ball guitars, which have the compensated nut, don't have a corresponding patented bridge. It uses existing technology for that. Where Urbana is saying that compensated nuts are being used and that there's some tuning method being used. We don't know if they're talking about the design of the guitar in terms of some tuning method, what compensated nut is being used, how it's being used, if it's in conjunction with some compensated bridge. It's completely indefinite. Under Form 18, for example, Paragraph 2, which this is often a bit of a different issue, but they don't follow Form 18 in the direct infringement allegation. Paragraph 2 requires that in a direct infringement claim, they must truthfully plead ownership of the allegedly infringed patent throughout the alleged period of infringement and plead that it still owns the patent. Of course, when the complaint was filed, the 956 patent had expired in 2004 and the 346 patent had expired in 2011. They had no valid patents when they filed the complaint. They were not a valid existing limited liability company. They were suspended when they filed the complaint. All that's been cured, including the temporary expiration of the 346 for failure to pay maintenance fees because there's life in fact in that patent, and at least if the documents say what Mr. Block said, they say they've been restored to their proper standing to sue status under California law, and under California law, all of that is retrospective and wipes out earlier problems. So it seems to me the only real question about the 346 allegation is whether there's something insufficiently specific under Twombly about the identification of the accused product. Right, and I believe it is insufficient as I've described. I think it's completely insufficient. There's no fact stated in the complaint, no specific facts alleged in the complaint, which would lead to a plausible claim. And just to address Your Honor's comment, the district court, one of the grounds for denial of leave to amend was the bad faith of Urbana, and suing when you're a suspended corporation and you know it, suing on patents that are expired and you know it, and not disclosing it in the complaint, not disclosing it in response to the opposition to the motion to dismiss is bad faith, and the court so found, the district court so found, and the exercise of its discretion correctly denied leave to amend, and the bad faith extends to all the causes of action in the complaint. So the complaint as stated, the court correctly found that paragraph 2 of Form 18 was not complied with because Urbana alleged that there were these valid patents which weren't. They didn't own either of these patents throughout the entire period, which they alleged they did, which was infringement from 2010 through the date of the filing of the complaint. You mean they didn't own them? Well, they were not valid. What does one statement have to do with the other? When they're alleging in the complaint that there's infringement of the 346 patent from 2010 through the date of the filing of the complaint in 2014 and their patent is suspended in 2011. That means that they didn't own them? I believe for purposes of pleading Form 18, if you don't disclose that the patent is suspended, you don't technically, I think it can be construed to say you don't technically own the patent because it's not a valid patent. I mean you can say you own an invalid patent, but then you can't sue on it. They also, again, under Swambley, Ball failed to identify the device which the defendant is making, selling, and using. Again, they were suing for cease and desist based on cease and desist orders which were made in 2010 and I think they state in the motion, in the opposition to the motion to dismiss, the motion to strike and dismiss filed by Urvana, they state at Appendix 202, Ernie Ball wrongfully destroyed the business created by Urvana by preventing the use of its invention. It ended the relationship Urvana had established with ESP Guitars, the relationship it had with Hohner and others. Urvana's sales went to almost nothing in the years following 2010 as a result of the cease and desist orders made by Ernie Ball. So their argument in the declaration of Richard Logicano, on which that's based, indicates that in fact this happened in the past. They're essentially admitting it happened in the past and that's what their argument is and that the results of it have already taken place. So their vague language in their complaint is not sufficient to establish a declaratory relief or any other claim. So if there are any further questions? Can I ask under the SLAP statute, why are your statements that are being accused not a form of commercial speech and therefore outside the anti-SLAP statute, even if there would have been a litigation? Understood, Your Honor. The commercial speech exception to the anti-SLAP statute applies, and in this argument it's set out in detail in Appendix 270 through 274, which was our reply brief on the motion to dismiss. Essentially, the commercial speech exception only applies if there is some sort of element of trying to solicit customers, basically directed for purposes of advertising or soliciting customers. The speech that Ernie Ball was involved in was publicizing patent rights and enforcing a disrecorded judgment, so it had nothing to do with commercial speech. To get customers, you took their customers. No, just to publicize the existing patent. It would be like cease-and-desist orders in contemplation of litigation, which is protected and falls under the statute. Falls under the anti-SLAP statute? Correct. Even if it is against customers and your specific customers, what's your best case citation that says, when you issue a cease-and-desist, or issue is a little bit weird, you're not a court, when you send a cease-and-desist letter to a customer and say, stop dealing with them, buy from us instead, because when you're dealing with them, you're infringing our patent, that that's covered by the anti-SLAP statute. All right. There was no element of buy from us instead in any of the communications, so that's one issue. The citation appears… But in fact, one thing followed from the other. According to the complaint. We don't have a trial here, so… Understood, Your Honor. Understood. I'm sorry, I asked you for a citation, you keep trying to give it to me, and I keep interrupting you. What is the citation? It appears in our Appendix 272, and it basically says, making the public aware of wrongful activity of a competitor is not commercial speech. And it is speech that is subject to the anti-SLAP statute. So in other words… Yes, right, but as you describe it, that's not an answer to my question. A cease-and-desist letter directed to Toner, or Cornucopia, is that the other… Hohner and Cornucopia. Cornucopia. Correct. It says, you are engaged in an infringement of our patent. A, the public doesn't… that's not directed to the public, and… Correct, correct. The sequelae is, they start doing business with you, or at least Hohner does. Well, for example, Cornucopia was the company that was making Hohner's compensated nuts, and the idea was just to stop doing that. And there's not necessarily a connection there. If you say cease-and-desist from producing these, we're the ones that are producing these. It's not necessarily… The patent allows an exclusion of rights to create devices. And there's not… it doesn't necessarily follow that we say, oh, we want to make these for you. That has to be an additional level. And so that… I mentioned the litigation privilege. There's no commercial speech exception to the litigation privilege, and it may be that the economic harm that you did to them is protected by the litigation privilege, but the only basis for the district court to assign attorney's fees in this case was the violation of the anti-SLAPP statute. So it might actually make a real difference which was the basis for saying what you said to Cornucopia and Hohner was OK. Right. And it falls within the commercial speech exception because what was said and what was alleged to be said falls within the commercial speech exception. It falls under the anti-SLAPP statute. It was cease-and-desist letters. It wasn't communicating with customers. It wasn't saying please do business with us, and that was not alleged. And it was not argued in the opposition to the anti-SLAPP motion either. OK. Beyond your time frame, thank you. Thank you, Honor. Thank you. To please the court. Claims 12 through 20 and 25 to 28 of the 364 patent of Dudley-Gimpel contain the same defect that this court opined in the prior decision made them indefinite. They continue to this day to be lorded over, Your Honor. The 956 patent, which we mentioned, was never asserted in the underlying complaint. The 346 patent lapsed because Ernie Ball and Hohner put your Honor out of business. That patent was revived. It is not bad faith to assert a patent interest. Why is the allegation in the complaint about what the accused products are sufficient under the Federal Rules of Substance Abuse Procedure less than the 346? Because in the decision in 2012-1276 written by Judge Lurie, it stated in hoc verbae there was never an invention under the 264 patent, the 246 patent. Irvana's logicono made- Wait. I'm confused which patent we're talking about. The 346 is your patent, right? The 346 patent is Irvana's patent. Yeah. Are you talking about that now or are you talking about- The 264 patent is the Gimpel patent. That was the subject of the prior hearing. And the question I asked you was, your count line is about declaratory judgment of their patent. Yes. Now we're going on to count two. Yes. Your affirmative patent infringement count- The 346 patent. The 346. And the judge, the district court said, dismiss because not a variety of things, but not specific enough. I just want to focus on not specific enough. And the question is, is that specific enough to identify what the accused products are? All of the compensated nuts that have ever been made by Hohner and Ernie Ball are based upon the invention that is covered by the 346 patent. That's what Judge Lurie's prior decisions, respectfully submitted, said. The reason why the 346 patent covers them is because there's a copious list of every product that they copied from my client. It is of record below the same as all the judicial notice requests. The 346 patent was briefly out of term because the company was put at a bit- Wait, because the 346- The Irvana patent that was 346 was out of term for a brief period of time because they didn't have the money to pay the maintenance fee. It was reinstated and it is a valid patent to sue on. Counsel confuses valid and invalid with lapsed and expired throughout the papers, as did Mr. Iverson. Neither of them are patent lawyers. When a patent lapses for want of maintenance fees, it is not bad faith in any case that I've ever seen. And I looked to assert that patent when it has been reinstated. The previous decision of this very court said that the patent that Ernie Ball got was a copy of our patent. Our patent has a 25-year history that goes back before and it was the only invention of the intonated nuts. The NBI tuning system, which is throughout the papers, in this case and below, that is made by Hohner and worked on with Ernie Ball, is in fact a copy of the stuff that's disclosed in the 3-4-6 patent. There's no dispute about that. That is also throughout the record. We have never asserted the 9-5-6 patent. That was a prior patent that lapsed. A lapsed patent is not invalid and I'm not sure why it's bad faith to assert this. So I'm stepping down now because you're telling me my time is up. However, we came to this court because we were sued by Ernie Ball in 2010. It turned out when we got to this court, they said there was no infringement and the fact that they ensued on a patent that was invalid is based upon this language in the claim. This is all that I wanted to put in the record. On claims 12-20 and 25-28, it says one or more fixed intonation points being configured such that a line extending through one or more fixed intonation portions does not form a sinusoidal arc. That has been decided by this court to be indefinite, to not be subject to any interpretation that would cover anything except all the compensated nots. They have used that to put us out of business and to this day, they use their viral internet intimidation to bully us. So if we are in bad faith for bringing up the fact that this court pointed out a claim was indefinite and that the other claims with the same defect are indefinite, then you can send me back to California, you can put me in jail. The point is these... Can I just ask... Your time is up, so I just have one really quick question, which is to just try to clarify the point you were making before about official notice, because I'm not aware. I mean, there's a pending... So can you just point to it? You're saying they put the stuff in the record. They're responsible for that. Can you give us a citation to the record for the material you're talking about? I have a copy of a document that's marked as Exhibit 3 to Request for Additional Notice. It's put in 114 of the appendix. The appendix to this... includes all of the underlying documents from below because Mr. Wells put in various requests for judicial notice. He has it in his hand right now. It says in that set of documents all of the facts that are necessary to support this. Because the appellees here are artful dodgers of any allegations, they have put our client out of business under an invalid patent that your court says is invalid. I'm still... I'm looking at 114 in the appendix and it's just one page that just says Exhibit 3 to Request for Additional Notice. Is there more than that? Am I missing something? Yeah, I have a whole stack of documents behind that. All right. Would you like me to submit that along with the tax record? Well, not if it's in the appendix already, no. Okay, so that's what you're referring to, the reference in the appendix to the exhibit. Okay. Thank you very much. Thank you. We thank both counsel and the case.